IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JANELLE GARCIA,

    Plaintiff,

v.

KLAMATH FALLS CITY POLICE
DEPARTMENT, *et al*,

    Defendants.

Case No. 1:26-cv-00121-CL

**OPINION AND ORDER**

**CLARKE**, Magistrate Judge.

    Self-represented Plaintiff Janelle Garcia filed this action against the Klamath Falls Police Department, as well as other organizations and individuals. The case comes before the Court for a review of the Complaint to determine if it meets the screening requirements for a plaintiff proceeding *In Forma Pauperis* (IFP). Plaintiff's Complaint (ECF #1) was filed on January 20, 2026, as was her Application for Leave to Proceed IFP (ECF #2), and Motion for Appointment of Counsel. For the reasons below, Plaintiff's Complaint (ECF #1) is dismissed without prejudice and with leave to file a First Amended Complaint. Plaintiff's IFP application (ECF #2) and Motion for Counsel (ECF #3) shall be held in abeyance and reconsidered in light of the amended pleading. Failure to file an amended pleading will result in dismissal of the case.

## DISCUSSION

### a. *IFP consideration*

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(l), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(l). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, the Court's dismissal arises in the second prong. The Court has determined the litigant is financially eligible to proceed IFP. However, the Complaint fails to state a claim upon which relief may be granted. The second determination is therefore not satisfied.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Both require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To strike the correct balance, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Pleadings by self-represented litigants are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Courts are to construe pleadings by self-represented plaintiffs liberally and afford them the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Unless the complaint's deficiencies cannot be cured by amendment, a self-represented litigant is entitled to notice of the deficiencies and an opportunity to amend the complaint. *Id.*

The Court has reviewed the filings in this case and concludes that Plaintiff has failed to state a claim for which the Court is capable of granting relief. The Court cannot discern what claims are asserted against each of the named Defendants and what specific facts underly those claims. For instance, the "Statement of the Claim" states, in its entirety:

> I'm experiencing extreme serious criminal networked organized within Oregon and California, Klamath tribal community, KBBH, Klamath Falls City Police, Sheriff's [illegible] 97601, WAD Bank, Columbia Bank, Wells Fargo, Schwaab's Insurance Life, US Mail, WAFO Bank account transfers, transactions with Captain Reynolds, KFO City Police.

Under "Relief," Plaintiff states:

> WAFD Accounts, money laundering, bank heists, altered probate illegally, denials, police report denials, prosecutions denied access to all US Mail. In and Out. My Residence [illegible], Robbed all documents titles, Birth and Death and ID, all altered, stolen title to vehicles, probate land documents children documents, personal belongings, necessities. $1.5 million.
>
> My livelihood all my documents, pictures, documents, ID, documentation, everything destroyed or taken but the amount of altered, signed, used, and talk to stop me or all legalities.

Even recognizing that Plaintiff is self-represented, and reading the Complaint liberally, the Court finds no legally cognizable claim. Plaintiff has not connected any specific defendant with any of the wrongful conduct, and she has not identified any legal claims that would entitle her to relief that the Court is able to provide.

### b. *Plaintiff's Frequent Filer Status*

A review of the Court's docket shows that Plaintiff filed three different cases in January 2026 in the District of Oregon. On January 20, 2026, the same day the case at bar was filed, Plaintiff filed *Garcia v. Klamath Falls City Police Department*, Civ. No. 1:26-cv-00129-MC. On January 29, that case was dismissed for failure to state a claim for relief. *See* Civ. No. 1:26-cv-00129-MC, Order (ECF #3). On January 29, 2026, Plaintiff filed a third lawsuit, Garcia v. River Park Inn Motel; Civ. No. 1:26-cv-00120-AA. On January 11, 2026, that case was dismissed for failure to state a claim, without prejudice, and with leave to file an amended complaint by March 13, 2026.

All three cases, therefore, failed to state a cognizable claim for relief, were unmeritorious, or even frivolous. This kind of overlitigation of frivolous issues is a waste of judicial resources. Therefore, Plaintiff Janelle Garcia is hereby given notice that any further frivolous filings could result in the issuance of a Prefiling Order, which would require approval from chambers prior to any filings being docketed or acknowledged by the Court.

## ORDER

Plaintiff's Complaint is hereby dismissed for failure to state a cognizable claim for relief. It is not clear whether any amendment to Plaintiff's claims can cure the deficiencies identified above. In an abundance of caution, the dismissal is without prejudice, and with leave to file a First Amended Complaint within 30 days, if Plaintiff can state a claim for relief that the Court

has authority to grant. Failure to file amended pleadings, or failure to cure the deficiencies identified, could result in dismissal of the case with prejudice. Any further filing of frivolous cases could result in the imposition of a Prefiling Order.

It is so ORDERED and DATED this __27__ day of February, 2026.

                                                MARK D. CLARKE
                                                United States Magistrate Judge